

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**



| | |
|---|---|
| In re | ) |
| | ) CASE NO. SV 04-12884-KL |
| | ) |
| ROXANNE GORDON, | ) CHAPTER 7 |
| | ) |
| | ) MEMORANDUM AND ORDER RE |
| | ) CREDITOR'S REQUEST FOR |
| | ) ATTORNEYS' FEES AND COSTS |
| | ) |
| | ) DATE: July 27, 2004 |
| | ) TIME: 10:00 a.m. |
| | ) PLACE: Courtroom 301 |
| Debtor. | ) 21041 Burbank Blvd. |
| | ) Woodland Hills, CA |

The issue presented is whether, in this case, a creditor is entitled to an award of attorneys' fees from the debtor who defeated the creditor's objection to her claim of exemption for retirement funds by amending her claim to select a different exemption scheme.

Roxanne Gordon ("Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on April 23, 2004. In Schedule C, the Debtor claimed an exemption for her interest in the Los Angeles City Employee Retirement System ("LACERS") pursuant to California Code of Civil Procedure ("CCP") §703.140(b)(10)(E). On May 27, 2004, at the meeting of creditors, counsel for Alfred Gordon, the Debtor's former spouse and a creditor of the Debtor ("Creditor") questioned whether the Debtor's retirement funds were "reasonably necessary for the support of the debtor," as required by CCP §703.140(b)(10)(E). Thereafter, on June 25, 2004, the Creditor filed an objection to the Debtor's claim of exemption in LACERS. On the same day, the Chapter 7 trustee filed a report of his determination that the Debtor's Chapter 7 was a "no asset" case.

On July 13, 2004, the Debtor's counsel filed an opposition to the objection citing a lack of supporting evidence. Ten days later, the Debtor filed an amended Schedule C, selecting a different exemption scheme for all of her assets under CCP §704. The Creditor concedes that the Debtor's retirement funds are totally exempt under CCP §704.110.

The Creditor now seeks an award of attorneys' fees against the Debtor for bringing the objection to claim which the Debtor then preempted by selecting a different exemption scheme only two days before the hearing on the objection. The Creditor relies on In re Arnold, 252 B.R. 778 (9th Cir. BAP 2000).

In Arnold, the debtors had a personal injury claim at the time the petition was filed but did not claim an exemption in their initial schedules. The Chapter 7 trustee prosecuted the claim and negotiated a $200,000 settlement. Soon thereafter, and more than three years after the commencement of the case, the debtors amended their Schedules B and C to include an exemption under state law for the personal injury action. The frustrated trustee objected to the amended claim of exemption, arguing bad faith and prejudice. The BAP found no bad faith in the debtors' late claim of exemption or actual prejudice to third parties and concluded that the bankruptcy court had no discretion to disallow the amended exemption. However, the BAP recognized the possibility of prejudice to the trustee who relied on the original claim of exemption. The matter was remanded back to the bankruptcy court to determine the amount of reasonable fees and costs to which the trustee and his counsel were entitled for their services. The resulting amount, if any, was to be paid out of the proceeds of the settlement.

The Creditor also cites Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. 2004) and In re Tran, 309 B.R. 330, 338 (9th Cir. BAP 2004), as approving the holding in In re Arnold. Although the Latman court cited Arnold in a footnote, this court notes that

2

Latman dealt with a very different set of circumstances involving two debtors whose discharge was denied for failing to turnover and account for property to the Chapter 7 trustee. The 9th Circuit BAP's reference to Arnold in Tran is more on point. In Tran, the 9th Circuit BAP affirmed the bankruptcy court's conclusion that a Chapter 13 debtor who received permission to refinance his home could dismiss the case and retain the refinance proceeds. However, in a footnote, the BAP suggests that an award might have been appropriate to make "the Trustee (*and perhaps other parties*) whole" if the "Trustee (*or anyone else*) incurred significant expense." (Emphasis added). Tran, 309 B.R. at 338.

In general, there is no right to recover one's fees from an opponent in federal litigation. The exceptions to this general rule arise from three sources: (1) where authorized by statute; (2) when provided by contract, or (3) where imposed as a sanction. The fee-shifting authority suggested in Arnold and Tran appear to fall in the third category or, alternatively, represent a fourth source, i.e., where a party takes an action which that party is legally permitted to do, but which works an unfairness upon another. The remedy sought by the Creditor in the instant case represents a significant expansion of the principles at issue in Arnold and Tran and is not justified on the facts presented herein for at least three reasons.

First, there is no case brought to the attention of this court in which a creditor has recovered fees against a debtor based on a delay in claiming exemptions. The cases cited by the Creditor involve trustees who have a statutory duty to administer the cases to which they are assigned. Unlike a trustee, a creditor has significantly more leeway in choosing to act or not act in a particular case based on whatever risk assessment he or she makes about the possibility of success. Presumably that risk assessment will take into account any rights the debtor may have to amend or supplement pleadings in the case. The availability of the amended exemption and complete protection it afforded to the Debtor in this case was knowledge available to this Creditor from the outset. The relief the Creditor seeks in this case amounts to a kind of insurance against the risk of miscalculation or losing on the merits. This would be a significant expansion of the principles at issue in Arnold and Tran, based on a footnote in a case arising out of facts that are clearly distinguishable from those presented in this case.

Second, the facts in the case before this court are significantly different than those presented in Arnold, Latman, or Tran. In Arnold, the debtors waited three years while the trustee shouldered the risks of recovery and amended their exemptions only after a benefit had been secured at the trustee's cost. As noted above, the Latman case involved actionable misconduct by the debtors. Tran had nothing to do with exemptions or an award of fees. The remedy raised here is based on dicta in a footnote in Tran.

In the instant case, the exemption issue was raised and determined early in the case. There is no rule that debtors are required to "get it right" the first time on penalty of being sanctioned. The Debtor was entitled to amend her exemptions. She did so

3

when the challenge was raised by the Creditor's formal objection. The only delay not otherwise inherent in the law and motion practice in which the dispute comes to the court is that the Debtor did not file her amended claim of exemption until after the Creditor had reviewed her response and filed his reply to it. The Creditor argues that he would not have incurred these further fees if the Debtor had amended her exemptions earlier in this process.

The Debtor's explanation of this timing is that her counsel was seeking to confirm information about the Debtor's pension benefits from her employer before committing to a change in her exemptions. There are no grounds for disbelieving the Debtor's explanation and the court cannot find that the Debtor's actions were unreasonable or inappropriately delayed. In the absence of facts much more egregious than those presented in this case, this court declines to expand the fee-shifting exception raised in Arnold and Tran.

Third, there is no certainty that the Creditor would have prevailed in this litigation if the Debtor had chosen to defend her original choice of exemptions. Indeed, the Chapter 7 trustee's filing of a "no asset" report indicates at least one professional assessment that the likelihood of recovery into the estate did not outweigh the risks of losing the dispute. What possible justification is there for requiring the Debtor to indemnify the Creditor under these circumstances?

The Creditor argues that the Debtor's choice to amend her exemptions rather than standing her ground on her original claim is evidence of the merits of the Creditor's objection. This court disagrees. It is not surprising that the Debtor chose to have certainty in saving $37,000 in retirement funds at the risk of losing slightly over $1,000 in value in her 2000 Toyota Corolla which would no longer be covered by her exemptions.

The court has considered the Creditor's evidentiary objections to the declaration of Michael H. Candiotti and overrules each of them.

Based on the foregoing, the Creditor's request for an award of fees is DENIED.

IT IS SO ORDERED.

Dated: 4/12/05

_____
Kathleen Thompson Lax
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I hereby certify that copies of the MEMORANDUM AND ORDER RE CREDITOR'S REQUEST FOR ATTORNEYS' FEES AND COSTS were mailed to the following parties in interest:

DATED: APR 12 2005     JON D. CERETTO
                       CLERK OF COURT

By: _____
    Deputy Clerk

Roxanne Gordon
6346 Wilbur Ave.
Tarzana, CA 91335

Michael H. Candiotti, Esq.
18075 Ventura Blvd., #111
Encino, CA 91316

Mark T. Young, Esq.
Sievert, Young & Donahoe LLP
15910 Ventura Blvd., Ste. 1650
Encino, CA 91436

David K. Gottlieb
15233 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403